[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2008
THOMAS K. KAHN
CLERK

--------------------------------------------

No. 07-11784
Non-Argument Calendar

--------------------------------------------

BIA Nos. A78-602-248 & A78-602-249

PAULA LOPEZ,
JOHON JAVIER LOPEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(February 20, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Paula Lopez and her husband Johon Javier Lopez ("the Lopezes"), natives

and citizens of Colombia, petition for review of the affirmance by the Board of

Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] No reversible error has been shown; we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. We review factual determinations that an alien is unentitled to relief under the substantial evidence test; and we affirm the decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). The substantial evidence test is "highly deferential," and we may reverse the decision below only if the evidence compels, instead of merely supports, the conclusion that the IJ or BIA erred. Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

---

[1]On appeal, the Lopezes challenge only the denial of withholding of removal, and thus, abandon asylum and CAT relief claims. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that a petitioner abandons an issue by failing to offer argument on that issue).

An alien seeking withholding of removal must show that his life or freedom would more likely than not be threatened upon return to his country because of a protected ground, such as political opinion. Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003); see also 8 U.S.C. § 1231(b)(3)(A). Therefore, an alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to his country of nationality. Mendoza, 327 F.3d at 1287. The alien may satisfy this burden by showing past persecution on account of a protected ground.[2] Id. An alien who has not shown past persecution may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground. Id.; see also 8 C.F.R. § 208.16(b)(2).

Here, the Lopezes asserted that they[3] were active members of the Colombian Liberal Party from 1996 until 1998, participating in community meetings and developing health brigades. Because of their political activities, they were threatened by the Jaime Bateman Canyon guerilla organization, a part of the

---

[2]If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to that country unless the government shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom no longer would be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country. Id.

[3]When the alleged incidents occurred, the Lopezes were engaged; and they later were married, after coming to the United States.

Revolutionary Armed Forces of Colombia ("FARC"). On two occasions in February 1998, Paula received threatening phone calls from the FARC demanding that she and her husband stop their political activities or face "serious consequences." In May 1998, the Lopezes were on their way home from a meeting when they were stopped by a guerilla group of 15 men, forced from their car, thrown on the ground, and threatened with death if they did not stop their political activities. In addition, Johon was beaten, though details of injuries he sustained were not included in the record or testified about at the hearing. After this incident, the Lopezes moved in with Paula's parents in a town about 45 minutes away but continued to receive threatening phone calls. In July 1998, the Lopezes left Colombia and came to the United States. Paula testified that her parents still receive phone calls in Colombia from people asking about her and her husband.

In denying withholding of removal, the IJ determined that the incidents alleged did not constitute past persecution and that, based on the Lopezes seven-year absence from Colombia, they had not demonstrated that they faced a future threat to their freedom or safety if returned to Colombia. The BIA acknowledged that the mistreatment suffered by the Lopezes was politically motivated but agreed with the IJ that the mistreatment did not rise to the level of past persecution and

also agreed that the Lopezes had failed to demonstrate that it was more likely than not that they would be persecuted if returned to Colombia.

On appeal, the Lopezes argue that the BIA erred in concluding that the incidents alleged did not constitute past persecution and submit that, because the BIA acknowledged that the incidents were politically motivated, the case should have been remanded to the IJ to consider the incidents cumulatively.[4] After review, we have determined that the evidence does not compel the conclusion that the Lopezes were entitled to withholding of removal. It is true that, in the past persecution analysis, the BIA must consider the cumulative effects of the incidents, Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir. 2007). We, however, have explained that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment and intimidation"; and "mere harassment does not amount to persecution," Sepulveda, 401 F.3d at 1231 (citation omitted). Even when considered cumulatively, the threatening phone calls and single face-to-face encounter with the FARC alleged by the Lopezes do not demonstrate past

---

[4]The Lopezes contend that the IJ did not consider the traffic stop as politically motivated. Even if this contention is true, the BIA assumed that all the incidents were politically motivated, and thus, we need not address this argument. See Lopez v. U.S. Attorney Gen., No. 06-12907, man. op. at 6 (11th Cir. October 25, 2007) (explaining that because the IJ finding that petitioner challenged had not been adopted by the BIA, it did not form part of the order under review); Al Najjar, 257 F.3d at 1284 (noting that, when the BIA issues its own decision, we review only that decision, except to the extent it expressly adopts the IJ's decision).

persecution; nothing in the record evidences that the Lopezes ever suffered serious physical harm at the hands of the FARC.  Cf. Delgado v. U.S. Attorney Gen., 487 F.3d 855, 859, 861-62 (11th Cir. 2007) (record compelled a finding of past persecution where petitioners were threatened at gunpoint, one was severely beaten until he was nearly unconscious, and brakes on one petitioner's vehicle were cut twice, all because of political opinion).

And the record does not compel the conclusion that the Lopezes face a future threat to their life or freedom if returned to Colombia, especially in the light of their nearly decade-long absence from the country.[5]  See Mendoza, 327 F.3d at 1287.  Though Paula testified that her parents still received phone calls about her in Colombia, nothing in the record evidences the frequency of these calls or the substance of the threats contained therein.  Therefore, we deny the Lopezes petition for review.

**PETITION DENIED**.

---

[5]We need not address the Lopezes argument on appeal that relocation within Colombia is not an option because we conclude, as did the BIA, that they failed to establish past persecution.  So, the presumption of future harm did not arise and it was unnecessary for the government to show that relocation was an option.  See Mendoza, 327 F.3d at 1287.